THE LAW OFFICES OF RODERICK J. LINDBLOM
RODERICK J. LINDBLOM (Bar No. 153768)
9777 Wilshire Boulevard, Suite 700
Beverly Hills. California 90212
Telephone: (310) 552-2021
Facsimile: (310) 552-2022
rod.lindblomlaw@gmail.com

*Attorneys for Plaintiff*
RON TERRY, an individual

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON TERRY, an individual,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>AMAZON DIGITAL STUDIOS, LLC, a Delaware limited liability company,<br><br>　　　　Defendant. | CASE NO: 2:17-cv-08450<br><br>**COMPLAINT FOR:**<br><br>**1. Copyright Infringement Under §§ 101 & 106 of the 1976 Copyright Act**<br><br>**2. Unfair Competition in Violation of California Business and Professions Code §§ 17200,** *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff RON TERRY, an individual ("Terry" or "Plaintiff"), by and through its undersigned counsel of record, hereby alleges as follows:

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338 because this lawsuit arises from a claim for copyright infringement under the 1976 Copyright Act, 17 U.S.C. § 501. Additionally, this Court has supplemental jurisdiction over all additional non-federal claims, pursuant to 28 U.S.C. § 1367.

2. This Court has personal jurisdiction over Defendant because, among other things, Defendant is doing business in the State of California and in this judicial district, the acts of infringement complained of herein occurred in the State of California and in this judicial district, and Defendant has caused injury to Plaintiff and Plaintiff's intellectual property within the State of California and in this judicial district.

3. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the Complaint occurred in this District.

## THE PARTIES

4. Plaintiff is, and at all relevant times herein was, an individual residing in the County of Los Angeles, State of California.

5. Plaintiff is informed and believes and, on the basis of such information and belief, alleges that Defendant AMAZON DIGITAL STUDIOS, LLC is a limited liability company existing under and by virtue of the laws of the State of Delaware ("Amazon" or "Defendant"), with its principal place of business located at 410 Terry Avenue North, Seattle, Washington 98109.

## FACTS COMMON TO ALL CAUSES OF ACTION

6. Plaintiff is a filmmaker and author of the audio-visual work entitled *Chuck Berry & Bo Diddley's Rock 'n' Roll All Star Jam*, which is registered with the

United States Copyright Office and bears Copyright Registration Number PA0001708284 (the "Work"). A true and correct copy of the Work's registration information as it appears in the U.S. Copyright Office's records is attached hereto as Exhibit "A" and incorporated herein by this reference.

7. The Work features musical performances from Chuck Berry, Bo Diddly, Ron Wood, Mick Fleetwood, Carl Wilson, Mitch Mitchell and others, which occurred at an October 25, 1985 tribute concert at the Irvine Meadows Amphitheatre in Irvine, California.

8. The Work was initially distributed to the public in or about 1995, pursuant to a license agreement. However, that license agreement expired in or about 2000, and the Work has not been further distributed or otherwise exploited since.

9. In or about late-March – early-April 2017, following Chuck Berry's death on March 18, 2017, Plaintiff began receiving renewed interest from several film distributors regarding the re-licensing and re-distribution of the Work. The license terms that were initially discussed included a license fee of between $250,000 and $500,000 for worldwide distribution rights, including all internet and streaming rights.

10. Not long after such discussions began, however, Plaintiff learned that the Work was being made available without authorization online, via several video streaming platforms. Specifically, Plaintiff is aware that the Work was available as part of Defendant's subscription-based "Amazon Prime" streaming platform, despite the fact that Defendant had never been granted a license from Plaintiff for such use.

11. As a result of such unauthorized use of the Work, the particular distributors who were interested in licensing the Work lost interest, and no further discussions regarding the re-distribution and re-licensing of the Work have taken place.

12. Accordingly, this Complaint necessarily results.

///

///

## FIRST CAUSE OF ACTION

**(Copyright Infringement Under §§ 101 & 106 of the 1976 Copyright Act**

**By Plaintiff Against All Defendants)**

13. Plaintiff repeats, realleges, and incorporates herein by this reference each and every allegation contained in ¶¶ 1 through 12, as though set forth in full herein.

14. Through Defendant's conduct as alleged herein, Defendant has knowingly infringed Plaintiff's copyright in the Work, pursuant to 17 U.S.C. §§ 106 and 501.

15. Defendant's acts of infringement as alleged herein were willful, intentional and purposeful, and in conscious disregard of, and with indifference to, Plaintiff's rights in the Work.

16. As a direct and proximate result of such acts of infringement as alleged herein against Defendant, Plaintiff is entitled to damages in an amount to be proven at trial, but not less than $250,000.

17. Alternatively, Plaintiff is entitled to the maximum statutory damages in the mount of $150,000 for each work infringed, or in some other amount as may be deemed proper under 17 U.S.C. § 504.

18. Plaintiff is also entitled to Defendant's profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of, and institution of a constructive trust for, such profits.

19. Plaintiff is further entitled to his reasonable attorneys' fees and costs associated with prosecuting this matter, pursuant to 17 U.S.C. § 505.

## SECOND CAUSE OF ACTION

**(Unfair Competition in Violation of Cal. Bus. And Prof. Code §§ 17200,** *et seq*.

**By Plaintiff Against All Defendants)**

20. Plaintiff repeats, realleges, and incorporates herein by this reference each and every allegation contained in ¶¶ 1 through 19, as though set forth in full herein.

21. Defendant's unlawful conduct, as alleged herein, including infringement

of the Work, has been and continues to be unlawful and harmful to Plaintiff and to the general public. Plaintiff therefor seeks to enforce important rights affecting the public interest within the meaning of California Code of Civil Procedure ("CCP") § 1021.5.

22. A violation of Cal. Bus. and Prof. Code §§ 17200, *et seq*. may be predicated on the violation of any state or federal law. In the instant case, Defendant's infringement of the Work violates federal law.

23. Plaintiff has been personally aggrieved by Defendant's unlawful business acts and practices, as alleged herein, including, but not limited to, the loss of money and/or property.

24. Pursuant to Cal. Bus. and Prof. Code §§ 17200, *et seq*., CCP § 1021.5, and other applicable laws, Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

**As to the First Cause of Action:**

1. For an accounting for, and payment to Plaintiff of, all gains, profits, and advantages derived from Defendant as a result of Defendant's infringement of the Work;

2. For reasonable attorneys' fees incurred in pursuit of this action;

**As to the Second Cause of Action:**

3. That the Court declare, adjudge, and decree that Defendant violated Cal. Bus. and Prof. Code §§ 17200, *et seq*.;

4. For reasonable attorneys' fees and costs of suit incurred in pursuit of this action, pursuant to CCP § 1021.5;

**As to All Causes of Action:**

5. For damages and lost profits according to proof at trial, but not less than $250,000, or, in the alternative, for maximum statutory damages in the amount of $150,000 for each copyrighted work infringed, or for such

other amount as may be deemed proper pursuant to 17 U.S.C. § 504(c);

6. For costs of suit incurred herein;

7. For pre-judgment interest according to proof at trial; and

8. For such other and further relief as this Court deems just and proper.

Dated:  November 20, 2017

Respectfully submitted,

THE LAW OFFICES OF
RODERICK J. LINDLBOM, APLC

By:   /s/ Roderick Lindblom
   RODERICK J. LINDBLOM
   *Attorney for Plaintiff*
   RON TERRY, an individual

THE LAW OFFICES OF RODERICK J. LINDBLOM
P.L.C.
9777 Wilshire Boulevard, Suite 700
Beverly Hills, California 90212
T: (310) 552-2021 – F: (310) 552-2022

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 6 -
**PROOF OF SERVICE**